**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FREDERICK WHITE,**

          **Plaintiff,**

-vs-                       Case No. 6:06-cv-407-Orl-19KRS

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFF'S CONSENT PETITION FOR ATTORNEY FEES (Doc. No. 19)**
>
> **FILED:**   **June 19, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

   The plaintiff, Frederick White, seeks an award of attorneys' fees, costs, and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on April 7, 2007. Doc. No. 18. An award of fees, costs, and expenses is, therefore, ripe for consideration. Defendant Commissioner of Social Security does not oppose the motion. Doc. No. 19 at 2-3.

   White seeks attorneys' fees for the following: 3.2 hours of work performed in 2006 by Attorney Juan C. Gautier; 22.5 hours of work performed in 2006 by Attorney J. Nickolas

Alexander, Jr.; and 1.1 hours of work performed in 2006, plus 2.4 hours of work performed in 2007, by Attorney Sarah H. Bohr. Doc. No. 19 at 4-6.

The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). White has presented an analysis of changes in the CPI that supports adjustment of the rate in this case to $161.85 per hour for work performed in 2006, and $164.86 for work performed in 2007. Doc. No. 19 at 2 & n.1.[1]

These rates would lead to an award of $517.92 for work performed by Attorney Gautier[2]; $3,641.63 for work performed by Attorney Alexander; and $573.70 for work performed by Attorney Bohr ($178.04 in 2006 and $395.66 in 2007), for a total of $4,733.25 in attorneys' fees. For an unexplained reason, White subtracts $161.85 from both Attorneys Gautier and Bohr, doc. no. 19 at 2, which results in a total of $4,409.55 in attorneys' fees. In the absence of objection, I find that these attorneys' fees are reasonable.

White also seeks paralegal fees for 1.4 hours of work performed by Attorney Alexander's paralegal. Doc. No. 19 at 5. Courts have often granted reduced fees under the EAJA for work performed by paralegals. *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (applying EAJA

---

[1] White's calculations for the 2007 rate are internally inconsistent. Furthermore, the table in his motion (doc. no. 19 at 2) lists the rate for work performed in 2007 as $163.37, but actually uses $164.86 in its calculations. Based on my own calculations, an appropriate rate is $164.86. Since this is consistent with the rates White uses in his calculations, and thus figures into the total amount reviewed by the Commissioner, in the absence of objection, I find that $164.86 is an appropriate hourly rate for work performed in 2007.

[2] All of the work billed in this case by Attorney Gautier predated his suspension from the bar of this Court on October 19, 2006. *See* Case No. 6:06-mc-57-Orl-19, doc. no. 7.

in immigration context); *Linkis v. Sullivan*, 779 F.Supp. 1324, 1327 (M.D. Fla. 1991) (applying EAJA in social security context).  In the absence of objection by the Commissioner, I find that an hourly rate of $75.00 for work performed by a paralegal is reasonable.  Accordingly, this results in an award of $105.00 for work performed by Attorney Alexander's paralegal.

In total, White is entitled to $4,514.55 in attorneys' fees for the work performed by his three attorneys and one paralegal ($4,409.55 in attorneys' fees plus $105.00 in paralegal fees).

White also seeks $250.00 in costs for the filing fee and $32.60 in expenses for postage and copying fees.  Doc. No. 19.  The Commissioner does not oppose these costs or expenses.  Doc. No. 19.  In the absence of objection, I find that these costs and expenses were necessarily incurred.

For the foregoing reasons, I respectfully recommend that White be awarded $4,514.55 in attorney's fees, $250.00 in costs, and $32.60 in expenses.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 5, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy